**E-FILED on** 6/15/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WINDSOR AUCTIONS, INC., a Florida corporation, and JEWELRY AUCTIONS, INC., a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>eBAY, INC., a Delaware corporation, LIVE AUCTIONEERS LLC, a New York Limited Liability Company, MATTHEW LEDWITH, an individual, and JOHN RALSTON, an individual,<br><br>Defendants. | No. C-08-05409 RMW<br><br>ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>**[Re Docket No. 81]** |

Plaintiffs' motion for leave to file a second amended complaint came on for hearing before the court on June 12, 2009. Defendants opposed the motion. Plaintiffs did not file any reply papers. Having considered the papers submitted by the parties and the arguments of counsel at the hearing on this matter, and other matters on the court's record in this matter, for good cause appearing, the court conditionally grants the motion.

## I. BACKGROUND

Plaintiffs initially filed suit against eBay, Inc. on December 21, 2007 in Case No. 07-06454 RMW. The complaint asserted claims under the Robinson-Patman Act (15 U.S.C. §13), the

California Unfair Business Practices Act (California Business & Professions Code Section 17405), common law unfair competition, and for breach of the implied covenant of good faith and fair dealing.  The court granted defendant's motion to dismiss in part, including dismissal of the Robinson-Patman Act claim with prejudice, and granted plaintiff leave to amend.  Plaintiff thereafter filed an amended complaint, amending the claims for Unfair Business Practices and common law unfair competition.  Following the filing of eBay's second motion to dismiss, plaintiff voluntarily dismissed the action without prejudice on September 12, 2008.

Three days later, plaintiffs file the present action against eBay, Live Auctioneers LLC, Matthew Ledwith and John Ralston in the United States District Court for the Middle District of Florida.  Based on the same underlying facts and circumstances, the new complaint alleged two claims, one for violation of the Florida Deceptive and Unfair Trade Practices Act (Section 501.201 et seq., Florida Statutes), and the second for negligent misrepresentation.  Defendants thereafter moved to dismiss, or alternatively to transfer the action to the Northern District of California.  The court granted the motion to transfer.

In its order transferring the action to the Northern District of California, the court noted that the present lawsuit relates to the same underlying acts as the previous filed lawsuit, noted further that the underlying agreements contain forum selection clauses requiring resolution of the dispute in a court in Santa Clara County California as well as choice of law provisions requiring application of California law, and determined that the convenience of the parties and witness and the interests of justice would be best served by transferring the action to the Northern District of California.

On transfer to this district, the case was initially assigned to Magistrate Judge Brazil, and thereafter to United States District Judge Marilyn H. Patel.  Plaintiffs filed an Amended Complaint on January 9, 2009.  The Amended Complaint deleted the claim for violation of  the Florida Deceptive and Unfair Trade Practices Act and substituted in its place a claim for violation of California's Unfair Competition Law (Business and Professions Code section 17200).  The Amended Complaint also asserted a claim for negligent misrepresentation, and added a claim for breach of the implied covenant of good faith and fair dealing (a claim that had survived the first motion to dismiss in the earlier filed action).  Defendants filed motions to dismiss on February 9, 2009.

1  On March 5, 2009, however, prior to the date set for hearing the motions to dismiss, this case
2 was reassigned to United States District Judge Ronald M. Whyte after the court determined that this
3 action was related to the previously-filed action.  Shortly after reassignment, plaintiffs filed the
4 present motion for leave to file a second amended complaint.  The proposed second amended
5 complaint, which would actually be the fifth iteration of plaintiffs' complaint in this dispute, seeks to
6 add a claim for fraud, correct purported pleading deficiencies with regard to the relief sought under
7 the California Unfair Competition Law claim, and to re-assert the previously dropped Florida Unfair
8 and Deceptive Trade Practices Act claim.  As described by plaintiffs:

> This motion seeks leave of Court to file Plaintiff's Second Amended Complaint to
> plead fraud with specificity, to re-insert a count which was originally contained in the
> Florida cause of action under the Florida Unfair and Deceptive Trade Practices Act
> and to correct some pleading errors related to the claim under California's Unfair
> Competition Law ("UCL").  Specifically, under the UCL count, Plaintiffs seek to
> amend the prayer for relief to confirm with the law and to seek restitution rather than
> money damages.

Motion at ¶10.

Due to the pendency of the motion for leave to amend, defendants have not re-noticed for hearing their motions to dismiss.

**II.  ANALYSIS**

Leave to amend shall be freely granted when justice so requires.  Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied, however, where the proposed amendment would prejudice the opposing party, is sought in bad faith, produced an undue delay in the litigation, or is futile. *AmerisourceBergen Corp. v. Diaysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2005).  The court's discretion to deny leave to amend is particularly broad where plaintiffs have previously amended their complaint.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

As noted above, plaintiffs seek leave to file a second amended complaint in this case (although it would be their fifth amended complaint when considered in connection with the previously dismissed action) to add a claim for fraud, add a claim under the Florida Unfair and

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT—No. C-08-05409 RMW
TER                                                                3

Deceptive Trade Practices Act and correct some "pleading errors" in the already-asserted claim for violation of California's Unfair Competition Law.

Defendants oppose the motion. First, they contend that plaintiffs have unduly delayed in seeking to amend to include a claim of fraud, and correctly note that plaintiffs' counsel includes an attorney (Ann Liroff) who has been among counsel of record since the initial complaint filed in the earlier action. The court agrees that present counsel's lack of knowledge of facts known to the party, or to prior counsel, does not excuse an undue delay in seeking to plead a claim for relief. Defendants also contend that the proposed amendments would be futile.

Defendants also argue that if the court is inclined to grant plaintiffs leave to file their proposed second amended complaint, such leave to amend should be conditioned upon plaintiffs reimbursing defendants for at least a portion of the legal expenses incurred in preparing the most recent motions to dismiss which will have been rendered moot by the filing of the Second Amended Complaint.

It has been 17 months since plaintiffs filed their initial complaint in this dispute, although it appears that the parties have not engaged in discovery and have made little substantive progress on the litigation in that time. Thus, although 17 months have passed, the litigation is in its early stages, and the court is not convinced that permitting a further amendment would be unduly prejudicial to the defendants. Nevertheless, plaintiffs' tactics have required defendants to incur significant legal expenses, including multiple motions to dismiss, as well as the motion to transfer to cure plaintiffs' apparent forum shopping. Under all of the circumstances, the court exercises its discretion to allow plaintiffs leave to file the second amended complaint, upon the express condition that plaintiffs reimburse defendants for the legal fees and costs incurred by defendants in preparing and filing the most recent motions to dismiss. Defendants' counsel shall file and serve a declaration attesting to the amount of attorneys fees and litigation expenses that were incurred in connection with the preparation and filing of the most recent motions to dismiss, by Friday June 19, 2009. Plaintiffs may contest the amount by filing a short brief by Friday, June 26, 2009, setting forth why the request is excessive, if it is. The court will then determine the amount to be paid as a condition of filing the second amended complaint. Plaintiffs shall have 15 days from the date of that order in which to file

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT—No. C-08-05409 RMW
TER                                                                                       4

their second amended complaint and pay the foregoing reimbursement, failing which the case will proceed with the first Amended Complaint as the operative pleading.

DATED:     6/15/09

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| John Blain Gibbons | jgibbons@saxongilmore.com |
| Paul M. Quin | pquin@saxongilmore.com |
| H. Ann Liroff | aliroff@hbblaw.com |

**Counsel for Defendants eBay Inc and Matthew Ledwith:**

| | |
|---|---|
| Heather C Meservy | hmeservy@cooley.com |
| Judith M. Mercier | judy.mercier@hklaw.com |
| Michael G. Rhodes | rhodesmg@cooley.com |
| Michelle Louise Wasserman | mwasserman@cooley.com |

**Counsel for Defendants Live Auctioneers LLC and John Ralston:**

| | |
|---|---|
| Marcos E. Hasbun | mhasbun@zuckerman.com |
| Robert S. Nelson | rnelson@nelsonlawgroup.net |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   6/15/09                                                       TER
                                                                            **Chambers of Judge Whyte**

ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT—No. C-08-05409 RMW
TER                                                   6